Filed 6/13/22 P. v. Casillas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RIGOBERTO VARGAS CASILLAS, Defendant and Appellant. | F082848 (Super. Ct. No. BF119960D) OPINION |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County. Michael G. Bush, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Nikta Allami, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Franson, J. and Peña, J.

Appellant Rigoberto Vargas Casillas appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). Appellant contends the trial court erred in denying his petition, claiming both the evidence failed to support the court's findings and that the court improperly relied on hearsay in its analysis. The People, noting that recent amendments to section 1170.95 affect the trial court's authority to rely on hearsay, agree that a remand is required. Upon review, we accept the parties' positions and therefore vacate the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2007, an amended complaint was filed against appellant, Juan Dejesus Burboa, Augustina Asencion Burboa, and Carlos Chavez alleging a single charge of murder, committed in the course of a robbery. Juan Dejesus Burboa alone faced additional allegations of being a principal in the murder armed with a firearm and personally discharging a firearm. On December 28, 2007, appellant pleaded no contest to one count of murder as charged in an information filed on November 14, 2007; all enhancements and allegations were dismissed, and appellant was eventually sentenced to a term of imprisonment of 25 years to life.

On June 18, 2020, appellant petitioned for resentencing under former section 1170.95. Although never formally determining appellant had made a prima facie showing of eligibility, the trial court ordered briefing and held a show cause hearing at which the People acknowledged their obligation to prove appellant was ineligible for resentencing. The People sought to do so by relying upon the preliminary hearing transcript and the court's file, which contained various law enforcement reports. Over appellant's objections that the reports contained inadmissible hearsay, the trial court determined it could rely on their contents because the plea agreement had stipulated that

---

[1]     Undesignated statutory references are to the Penal Code.

they formed the factual basis for the plea. Determining that the preliminary hearing transcript and these reports showed appellant was a major participant in the underlying felony who acted with reckless indifference to human life, the trial court denied resentencing on May 24, 2021.

This appeal timely followed.

## DISCUSSION

The legal and procedural requirements for resentencing under section 1170.95 have evolved through both legislative and judicial review of the statutory scheme.

As it currently stands and relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

3.

Section 1170.95, subdivision (c) explains, "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause ...." (Stats. 2021, ch. 551, § 2.)

Under section 1170.95, subdivision (d), "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder ... conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced ...." (§ 1170.95, subd. (d)(1).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

Two substantial changes to the prior statutory scheme are reflected in section 1170.95 above. In the first, the prosecution's burden to prove the petitioner is guilty of murder or attempted murder under current law is a change from the prior requirement that the prosecution prove "that the petitioner is ineligible for resentencing" (former

4.

§ 1170.95, subd. (d)(3)) arising after a prima facie showing the "petitioner could not presently be convicted of murder or attempted murder" (§ 1170.95, subd. (a)(3)) under the current law. In the second, the limited admissibility of hearsay evidence is a change from the statutory scheme in effect at appellant's hearing, which did not expressly exclude certain hearsay evidence unless admissible under a different theory.

As noted above, appellant argues that the evidence contained in the documents cited by the trial court in denying his original petition fail to contain adequate facts to support the trial court's finding that appellant was ineligible for resentencing and, additionally, that the trial court erroneously relied upon hearsay contained within them. The People do not directly contest either contention. Rather, relying on the fact that the standard for relying on hearsay evidence has changed, the People state that "it seems the trial court's prior ruling denying appellant's [petition] for resentencing should be vacated and the matter remanded for a new order to show cause hearing that is conducted in compliance with the guidelines in new section 1170.95."

It is not clear to this court that the trial court erred in considering all forms of hearsay contained in the record. Rather, as the trial court noted, it appears the "Offense Reports" it considered were stipulated to as a sufficient factual basis to support appellant's plea when entered. Neither party directly analyzes whether these documents, and the facts within them, may fall within the modified statutory authority to consider evidence previously admitted at any prior hearing that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. This court takes no position on the admissibility of facts in this opinion, other than to note that at least some of the evidence considered by the trial court from the preliminary hearing would only be admissible under the current statutory scheme if an independent basis for admission in the section 1170.95 hearing were provided. (See § 1170.95, subd. (d)(3) ["However, hearsay evidence that was admitted in a preliminary hearing pursuant to

5.

subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."].)

While the People directly concede retroactive application of these changes, it is unclear why this concession is warranted. (See *People v. Owens* (May 18, 2022, B310427) ___ Cal.App.5th ___ [pp. 14–15] [2022 WL 1565241] [noting in the context of Sen. Bill No. 775 (2021–2022 Reg. Sess.) that changes to criminal procedural rules are not typically retroactive].) Despite this, this court agrees with the parties' request to vacate the trial court's findings and remand for further proceedings. In addition to the changes to the admissibility of certain evidence relied upon by the trial court, the modifications to section 1170.95 have also changed the finding required by the trial court from not "ineligible" for resentencing to "guilty of murder." Remand is necessary for the parties to present their arguments under the law as it currently stands.

## DISPOSITION

The May 24, 2021 order denying appellant's petition for resentencing is vacated, and the matter is remanded to the superior court to conduct a hearing on the petition consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).